REED *versus* THE BRASHERS.

QUESTION IN THIS CASE.

*As to proof of property to the chattel converted, in trover.*

1. Where, in trover for a slave, against two, the plaintiff to shew his right of property, offered the record of an action in detinue, determined between himself and one of the defendants, it was held, First—that the Court had no authority to reject it as evidence—it not appearing but that it was intended as the foundation of proof of the identity of the slave, in both suits. Second—that the record (in this view,) was admissible, notwithstanding the first suit was against but one of the defendants.

Trover by the plaintiff in error, in Shelby Circuit Court. The plaintiff declared against the defendants, for the conversion of a female slave: and the plea of the general issue was relied on. To prove the issue on his part, the plaintiff proposed to introduce as evidence of his right of property, in the slave, a record, (of file in that Court,) of a suit determined in detinue between the said plaintiff, as defendant, and Thomas H. Brasher, (one of the present defendants) as plaintiff; and in which the right to a slave, alleged to be the same for which this action was brought, was put in issue; and found in favor of the plaintiff, Reed. To the admission of this record testimony, the defendants objected, on two grounds—first, that the identity of the slave, in both actions, was not shewn; secondly, that the suit in detinue, was not between the same parties. The Circuit Court rejected the evidence, and a judgment was rendered in favor of the defendants.

A bill of exceptions brought the case into this Court, where it was argued by *Mr. P. Parsons*, *Mr. Ellis* and *Mr. Peck*, for the plaintiffs in error; and by *Mr. Mardis*, for the defendant.

COLLIER, J.—The plaintiff here, (who was plaintiff below,) brought his action of trover, in the Circuit Court of Shelby, against the defendants, to recover damages, for the conversion, by them, of a female slave, named Eliza. On the trial, he proposed to read to the jury, for the purpose of shewing his right to recover, a record of the proceedings in an action of *detinue*, prosecuted by Thomas H. Brasher, against the plaintiff, (theretofore determined, in the same Court,) for the recovery of a female slave, named Eliza, about the same age of the one which the defendants are charged with having converted.— In the action of *detinue*, Brasher was unsuccessful, (a verdict and judgment being rendered against him.) The Court, on objection, by the defendants, rejected the record, as evidence.

The question now to be determined is, whether the Court erred in its decision?

This judgment is attempted to be maintained, on the grounds—1. That the slave Thomas H. Brasher sought to recover, was not shewn to be the same, the conversion of which is charged upon the defendants.

It was not necessary for the plaintiff to have produced proof, tending to shew the identity of the subject of the two suits, before he laid a foundation for the introduction of such evidence: and that foundation should have been the production of the record, shewing the pendency and determination of the first suit. Having read this to the jury, it would then

have been proper to prove the identity of the slave. Had the Court been advised by the plaintiff, that he had no proof of identity to offer, other than that inferable from the record, perhaps it would not have been improper to have excluded it; but, in the absence of any such disclosure, we are constrained to believe the evidence admissible.

2. In regard to the second objection to the admission of the record, viz: the want of the sameness of parties, in the two cases, we do not consider that this affords a warrant for the rejection of the evidence. The judgment in detinue was certainly evidence against Thomas H. Brasher; and we will not say, that the fact of Samuel Brasher being the security for his co-defendant, for the successful prosecution of his suit, does not bring him so much in privity to make it evidence against him. Be this as it may, it was surely competent for the plaintiff to shew, that Samuel Brasher had seised the slave, or retained the possession, under the authority or supposed title of his co-defendant, which was concluded by the judgment against him, in the action of detinue. This being proved, the judgment would be evidence against both the defendants. The influence of the judgment might, it is true, be met and destroyed, if the defendants were to prove a valid title, acquired since its rendition.

In any view, in which this case has been presented, we are of opinion that the Circuit Court erred: its judgment is, therefore reversed, and the cause remanded.